UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

Lucke Commons Office Condominium Association, Inc.

      Plaintiff,

v.

Frankenmuth Mutual Insurance Company,

      Defendant.

Case No. _____

## COMPLAINT

Now comes the Plaintiff, Lucke Commons Office Condominium Association, by and through its counsel, and for its Complaint states as follows:

## GENERAL ALLEGATIONS

1. Plaintiff Lucke Commons Office Condominium Association, Inc. (hereinafter "Plaintiff") is a non-profit organization in the State of Ohio responsible for the units and property generally located at 11841 Mason Montgomery Rd., Cincinnati, Ohio 45249 (the "Property").

2. Defendant, Frankenmuth Mutual Insurance Company (hereinafter referred to as "Defendant" or "Frankenmuth"), is upon information and belief a foreign insurance company authorized to and conducting business in the State of Ohio, including Hamilton County, Ohio.

3. On or about April 8, 2020 ("the Loss"), a severe weather-related event caused substantial damage to Plaintiff's Property.

4. At all times relevant hereto, Plaintiff maintained a Policy of insurance with Defendant ("the Policy").

5. The Policy provides coverage for, among other things, damage caused by wind and hail.

6. The Policy contains an appraisal provision which provides that in the event of a dispute over the amount of loss, an appraisal panel may resolve that dispute on one party making a written demand to the other.

7. At the time of the Loss, the Policy was in full force and effect.

8. Subsequently, Plaintiff timely submitted an insurance claim and Frankenmuth assigned Claim No. XXXXXXXXXXXX-811 to the claim. Frankenmuth also assigned an adjuster to adjust the claim.

9. Thereafter, Frankenmuth underpaid Plaintiff's claim and refused to issue a full and fair payment for the covered loss as was owed under the Policy.

10. The parties entered into a tolling agreement while the parties attempted to resolve the dispute without litigation.

11. Plaintiff demanded appraisal to resolve the dispute concerning the amount of Loss.

12. Defendant improperly refused to participate in appraisal of the amount of Loss.

## COUNT ONE: BREACH OF CONTRACT

13.     Plaintiff hereby incorporates by reference paragraphs one through twelve as though fully rewritten herein.

14.     At all times relevant to this cause, Plaintiff and Defendant were parties to a valid and enforceable contract—the Policy.

15.     Defendant has failed and refused to properly adjust the loss and pay insurance proceeds owed to Plaintiff as a result of the damage caused by the April 8, 2020 storm.

16.     This constitutes a breach of Defendant's obligations under the Policy.

17.     As a direct and proximate result of Defendant's breach of the insurance contract, Plaintiff has suffered damages in excess of $200,000.00 exclusive of attorney's fees, interest, and costs.

## COUNT TWO: DECLARATORY JUDGMENT

18.     Plaintiff hereby incorporates by reference paragraphs one through seventeen as though fully rewritten herein.

19.     Defendant has failed to adjust and pay the Loss in total, in contravention of the express language of the Policy.

20.     Plaintiff demanded an appraisal as provide for in the Policy to resolve the dispute over the amount of Loss.

21.     Defendant has refused to participate in appraisal in direct contravention of the express language of the Policy.

22. The provisions of the subject Policy must be construed against Defendant.

23. Plaintiff is entitled to judicial declaration that the appraisal panel's role is to resolve the entire disputed amount of Loss, reserving only questions of coverage which require contract or legal interpretation for the Court.

24. Pursuant to the Policy, the appraisal clause of the Policy is the appropriate venue to resolve the dispute over the amount of the Loss.

**WHEREFORE**, pursuant to the General Allegations and Counts I and II of the Complaint, Plaintiff Lucke Commons Office Condominium Association, Inc. prays for an Order requiring the parties to resolve the disputed amount of Loss at appraisal and to stay litigation until after said appraisal issues its award. Additionally, Plaintiff prays for judgment against Defendant Frankenmuth Mutual Insurance Company in an amount yet to be determined, but in excess of $200,000.00, plus costs expended herein, prejudgment and post judgment interest as well as all other just and appropriate relief to which they may be entitled at law and/or in equity.

Respectfully submitted,

Date: November 9, 2022

*/s/ Anthony A. Remick*
SMITH JADIN JOHNSON, PLLC
Anthony A. Remick
Ohio Bar No.: 100812
Timothy D. Johnson
Ohio Bar No. 98515
470 Broad Street, Suite# 725
Columbus, Ohio 43215
Telephone: (952) 388-0289
Facsimile: (612) 235-7927
aremick@sjjlawfirm.com
tjohnson@sjjlawfirm.com
**ATTORNEYS FOR PLAINTIFF**